UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

GREG JAMES VENTURES LLC,   No. 07-11434

                    Debtor(s).
_____/

BANK OF AMERICA, N.A.,

                    Plaintiff(s),

    v.   A.P. No. 08-1016

GREG JAMES VENTURES LLC, et al.,

                    Defendant(s).
_____/

Memorandum on Cross-Motions for Summary Judgment
_____

I. Introduction

       Chapter 11 debtor Greg James Ventures LLC operates a new and used car dealership in Marin County. Bank of America provided financing to the debtor before the bankruptcy filing, taking a security interest in the debtor's inventory. The debtor and the Bank have disputed the extent of the Bank's prepetition security interest in certain postpetition transactions, resulting in this adversary proceeding. Cross-motions for partial summary judgment are now before the court.

       The parties have asked the court to answer the following questions:

       1. When a vehicle subject to the Bank's prepetition security interest is sold postpetition and as part of the sale the debtor sells an extended warranty to the purchaser, is the portion of the sale attributable to the warranty subject to the Bank's security interest?

       2. When a vehicle subject to the Bank's prepetition lien is sold postpetition and as part of the sale the

1

debtor arranged third party financing, is the fee paid to the debtor by the lender subject to the Bank's security interest?

3. When a vehicle subject to the Bank's prepetition lien is sold postpetition and as a consequence of the sale the manufacturer pays the debtor an incentive payment, is the incentive payment subject to the Bank's security interest?

4. When a vehicle subject to the Bank's prepetition security interest is sold postpetition, is the portion of the sale attributable to postpetition expenses incurred in preparing the vehicle for sale subject to the Bank's security interest?

5. When the debtor, postpetition, repairs a vehicle using a part subject to the Bank's prepetition security interest, is all of the revenue, for both parts and labor, subject to the Bank's security interest?

II. Statutory Framework and Case Law

Bankruptcy courts look to state law in determining disputes between debtors and secured creditors as to the extent of a security interest. *Qmect, Inc. v. Burlingame Capital Partners II, L.P.,* 373 B.R. 682, 686-7 (N.D.Cal. 2007).[1] Section 9315(a)(2) of the California Commercial Code provides that a security interest attaches to any identifiable proceeds of collateral. Section 9102(a)(64) provides in pertinent part that "proceeds" means whatever is acquired upon the sale of collateral, whatever is collected on account of collateral, and rights arising out of collateral.

There is scant California law interpreting Com.Code § 9102(a)(64). The Bank relies on a single case, *Johanson Transportation Service v. Rich Pik'd Rite Inc.*, 164 Cal.App.3d 583 (1985). In that case, the debtor grower had sold its strawberry crops which were subject to a security interest on a "sold delivered" or "delivered price" basis, meaning the freight charges were included in the total cost to the fruit buyer and not charged separately. When payment for the strawberries arrived, the debtor deposited the sales revenue in an

---

[1] Subject, of course, to any limitations in the Bankruptcy Code, such as § 552. The court does not elect to deal with Bankruptcy Code issues at this time.

account controlled by the creditor bank and subject to the bank's security interest. The debtor failed to repay the transportation broker for funds it advanced to the truckers for shipping the strawberries, inducing the broker to sue the creditors for conversion. The Court of Appeal affirmed summary judgment in favor of the bank on two grounds: that the entire payment was proceeds of the sale, and that the bank's security interest in the account was not limited to proceeds.

III. Repairs and Sales of Extended Warranties

There are two problems with applying *Johanson* to the facts of this case as urged by the Bank. First, *Johanson* was decided on dual grounds, making it less than perfect guidance when attempting to apply its holding to different facts. Second, applying it as urged by the Bank can lead to absurd results certainly at odds with the rational and reasonable approach which underlies the Uniform Commercial Code as adopted by the various states.

Under the Bank's reading of *Johanson*, anything received by the debtor upon the sale its collateral is subject to its security interest, not just the portion attributable to its collateral. Thus, the Bank would argue that if a consumer brought his car in for an engine overhaul and the debtor used parts not subject to the Bank's security interest save and except a single spark plug, then the entire payment from the consumer, no matter how large, and including hours of labor and thousand of dollars' worth of parts not subject to the Bank's security interest, is the Bank's collateral. Not only does this make no sense, it ignores the provisions of § 9315(b) of the California Commercial Code which deal with the commingling of proceeds subject to a security interest with those that are not. The Commercial Code clearly contemplates a reasonable allocation of proceeds, not a windfall to the secured creditor.

The court distinguishes *Johanson* on the basis that in that case the goods were sold on a delivered basis and the buyer was not charged separately for shipping. In the normal vehicle service invoice, a customer is charged separately for labor and each part used. Thus, the Bank's security interest extends only to the proceeds of the sale of those parts subject to its security interest, traced as necessary pursuant to § 9315(b).

Likewise, the purchase of an extended warranty is an elective matter for the consumer and, if opted

3

for, is separately itemized and charged. As long as the itemization bears a reasonable relationship to the wholesale cost of the warranty and is not an attempt to allocate an unfair amount of the total purchase from the vehicle itself, the amount of the purchase on account of the warranty is not subject to the Bank's security interest.

IV. Financing Fees and Incentive Payments

The Bank's claims to the debtor's financing fees and incentive payments go far beyond anything contemplated by *Johanson*, as these items of income are not on the sale invoice at all and are not part of the purchase price. These are payment to the debtor by third parties. Thus, the are not "acquired on the sale" as required by § 9102(a)(64) in order to be considered to be proceeds of the Bank's collateral. Rather, they are income earned separately incidental to a sale, and therefore not subject to the Bank's security interest.

V. Preparation Expenses

The only applicability of *Johanson* to the facts in this case is in relation to the so-called "Pack Revenue." This is the portion of the sale of a vehicle the debtor allocates to preparing a vehicle for delivery to the purchaser, including filling it with a tankful of gas. There is no evidence before the court that these items are separately charged to the buyer when a vehicle is sold. To the extent they are not, they are part of the "delivered price" and therefore subject to the Banks' security interest under the rule of *Johanson*.

V. Conclusion

For the reasons set forth above, the court will deem it without controversy in this adversary proceeding that any portion of the proceeds of the sale of a vehicle attributable to preparation expenses ("Pack Revenue") are subject to the Bank's prepetition security interest in the vehicle to the extent not separately itemized on the invoice to the purchaser. Any financing and incentive payments paid to the debtor are not subject to the Bank's prepetition security interest. Any revenue from the sale of an extended warranty to a buyer along with a vehicle subject to the Bank's security interest is not subject to the Bank's prepetition security interest except

4

to the extent not truly reflective of the cost of the warranty to the debtor. Any revenue for services and repairs to a consumer's vehicle is the bank's collateral only to the extent attributable to parts subject to the Bank's security interest.

Counsel for the debtor shall submit an appropriate form of order.

Dated: October 25, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge

5

# CERTIFICATE OF MAILING

I, the undersigned, a regularly appointed deputy clerk of the United States Bankruptcy Court for the Northern District of California, at Santa Rosa, hereby certify:

That I, in the performance of my duties as such clerk, served a copy of the foregoing document by depositing it in the regular United States mail at Santa Rosa, California on the date shown below, in a sealed envelope bearing the lawful frank of the Bankruptcy Judge, addressed as listed below.

Dated: October 27, 2008     By : _____Katie Andersen_____
                                  Katie Andersen
                                  Deputy Clerk

San Rafael Cadillac
2 Shoreline Parkway
San Rafael, CA 94901

San Rafael Chevrolet
2 Shoreline Parkway
San Rafael, CA 94901

San Rafael Hyundai
2 Shoreline Parkway
San Rafael, CA 94901

San Rafael Hummer
2 Shoreline Parkway
San Rafael, CA 94901

San Rafael Saab
2 Shoreline Parkway
San Rafael, CA 94901

Lucien Friere
505 Vineland Marina Court
Fairfield, CA 94534